IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM RABUCK,
   *Plaintiff*,

v.

CLEMMER MOVING & STORAGE,
   *Defendant*.

Civil Action No. ELH-10-1129

**MEMORANDUM OPINION**

William Rabuck, plaintiff, filed a two-count Complaint (ECF 1) against Clemmer Moving and Storage ("Clemmer"), defendant,[1] asserting breach of contract and "violation of truth in leasing regulations." Clemmer has not appeared or filed a response to plaintiff's Complaint, and its default was entered by the Clerk on August 16, 2011 (ECF 20). Now pending is plaintiff's "Motion for Entry of Deafult [sic] Judgment" ("Motion") (ECF 19).[2] For the reasons that follow, I will neither grant nor deny the Motion at this juncture.

**Background**

Plaintiff filed his Complaint on May 6, 2010. In his Complaint, plaintiff asserted that he "is in the business of transporting goods as the owner of motor carrier equipment." Complaint ¶ 4. Plaintiff claimed that he entered into an "independent contractor agreement" with Clemmer

---

[1] Clemmer is apparently a business entity, but plaintiff does not specify whether it is a corporation, an LLC, a partnership, or merely a trade name. However, plaintiff asserts that Clemmer "is a resident of the State of Pennsylvania, with a principal office location" in Telford, Pennsylvania. Subject matter jurisdiction is based on diversity, in that plaintiff is a Maryland resident, unlike defendant, and more than $75,000 is in controversy. *See* 28 U.S.C. § 1332(a).

[2] Plaintiff subsequently filed a second "Motion for Entry of Deafult [sic] Judgment" (ECF 21) that is substantively identical to the first Motion. I will refer to both motions collectively as the "Motion."

to "make available his equipment, a truck and to drive or arrange a driver for services related to transporting goods in connection with Defendant's business." *Id.* ¶ 6. The Complaint did not specifically state whether the "independent contractor agreement" was oral or written, although Count II of the Complaint, discussed below, implies that the parties had no written agreement. In any event, if the "independent contractor agreement" was written, plaintiff did not quote its provisions in the Complaint, nor did he submit a copy of the agreement as an exhibit. However, in Count I of his Complaint (alleging breach of contract), plaintiff claimed that, "pursuant to the terms of the contract between the parties," Clemmer was obligated to reimburse him for "100% of any and all fuel surcharges assessed in relation to the deliveries" that he performed. *Id.* ¶ 8. According to plaintiff, he provided services to defendant pursuant to the agreement "over the course of the four years during which said agreement was in effect between the parties," *id.* ¶ 7, but defendant did not compensate him for fuel surcharges, and thereby breached the agreement. *Id.* ¶ 12. Plaintiff seeks $300,000 in damages. *Id.* ¶ 13.

As to Count II, which asserted a "violation of truth in leasing regulations," plaintiff alleged only that defendant "was required under the applicable regulations covering the Defendant as an authorized carrier to, among other things, enter into a written lease agreement with the Plaintiff governing the relationship between the parties," *id.* ¶ 15, and that defendant "failed to do so leading to damages suffered by the Plaintiff, including the Defendant failing to properly compensate the Plaintiff for services rendered, including among other items, failing to properly provide monies set out as fuel surcharges." *Id.* ¶ 16. Plaintiff did not cite or otherwise specify the "truth in leasing" regulations on which he relied. He seeks $300,000 damages as to Count II, although this request appears to be duplicative, rather than cumulative, of his request

for relief under Count I.

After delays in effectuating service that are unnecessary to catalog, plaintiff's counsel filed an Affidavit of Service (ECF 15), asserting that, on April 22, 2011, after four prior unsuccessful attempts to serve defendant's registered agent, Michael Rjabanebeli, plaintiff's counsel effectuated substituted service on defendant by mailing the summons and a copy of the complaint to the Maryland State Department of Assessments and Taxation ("SDAT"). *See* Md. Rule 2-124(*o*)(iii) (permitting substituted service, via service on SDAT, on a corporation or other business entity required to have a resident agent, where "two good faith attempts on separate days to serve the resident agent have failed"); *see also* Fed. R. Civ. P. 4(h)(1)(A), (e)(1) (permitting service on a corporation or other business entity by "following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located"). Thereafter, as indicated, defendant did not respond to the Complaint, and defendant's default was entered by the Clerk.

As noted, plaintiff seeks entry of a default judgment. In support of his request, plaintiff relies solely "upon the record in this case" and an "Affidavit" of his attorney, Thomas E. Neary, Esq. ("Neary Aff.") (ECF 19 at 3-5).[3] Mr. Neary avers that defendant is not in military service, and otherwise essentially reiterates, verbatim, the facts alleged in the Complaint, without additional detail or explanation. Mr. Neary does, however, provide a modicum of clarification regarding plaintiff's damages claim. Mr. Neary asserts that defendant has wrongfully "withheld

---

[3] Although the submission is styled as an "affidavit," Mr. Neary does not attest to the truth of its contents under the penalty of perjury, either based on personal knowledge or to the best of his knowledge, information, and belief. *See* Md. Rule 1-304 (prescribing form of affidavits). Moreover, Mr. Neary does not make clear the source of his personal knowledge of the relevant facts.

$100,000 in payment due to the plaintiff for the fuel surcharges involved"; that plaintiff seeks interest on those funds at the rate of 10% per annum "from the time [o]f the termination of the business relationship," totaling $20,000 in interest;[4] and that he seeks an additional $180,000 in damages "for violation of the applicable Truth in Leasing Regulations." Neary Aff. ¶ 13. Thus, plaintiff seeks a judgment in the total amount of $300,000. *Id.*

**Discussion**

Upon a showing that a party against whom judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b). Entry of default judgment "is left to the discretion of the court." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). To be sure, it is the "'strong policy'" of the Fourth Circuit to decide cases on their merits. *Id.* (citation omitted). But, default judgment may be proper if "the adversary process has been halted because of an essentially unresponsive party." *Id.*

Upon default, the well-pleaded factual allegations of the complaint regarding liability are deemed admitted, in contrast to the allegations regarding damages. *Id.* at 422; *see* Fed. R. Civ. P. 8(b)(6) (a defaulting party is deemed to admit factual allegations of the plaintiff's complaint, "other than [those] relating to the amount of damages"). Although a defaulting party "'admits the plaintiff's well-pleaded allegations of fact'" as to liability, the party in default is "'not held . . . to admit conclusions of law'" or allegations regarding liability that are not "well-pleaded." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Thus, "'a default is not treated as an absolute confession by the defendant of his

---

[4] Apparently, plaintiff seeks two years' worth of interest.

liability and of the plaintiff's right to recover.'" *Id.* (citation omitted). *See also* 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE, § 2688, at 60-61 (3d ed. 1998) ("WRIGHT, MILLER") ("[L]iability is not deemed established simply because of the default, and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

A plaintiff's allegations regarding liability are not regarded as well-pleaded (and thus not admitted) if the allegations are "'made indefinite or erroneous by other allegations in the same complaint,'" or the allegations "'are contrary to uncontroverted material in the file of the case.'" *Id.*, § 2688, at 62 (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). *See Danning v. Levine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Put another way, the papers of record cannot support a default judgment if "they disclose on their face a fact that would defeat the [plaintiff's] claim." *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

When reviewing a motion for default judgment, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action . . . ." 10A WRIGHT, MILLER, § 2688, at 63. "The court must, therefore, determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought . . . ." *Ryan*, 253 F.3d at 780.

As to damages, when the "plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter a default judgment on the plaintiff's affidavit. Fed. R. Civ. P. 55(b)(1).[5] But, a mere "generalized statement of the amount due in [the] plaintiff's

---

[5] Under Fed. R. Civ. P. 54(c), the relief granted in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("courts have generally held that a default

complaint" does not establish a "sum certain" for purposes of Rule 55(b)(1). 10A WRIGHT, MILLER, § 2683, at 23 (citing *Anderson v. United States*, 182 F.2d 296, 297 (1st Cir. 1950)).

Federal Rule of Civil Procedure 55(b)(2) is also relevant. It provides, in part:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

When damages are contested by the defendant, the court ordinarily must hold a hearing to establish the amount of damages. *See, e.g.*, *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Surety Co.*, 966 F.2d 847, 853 (4th Cir. 1992). Although "[p]roceeding without a hearing is the exception," the court may award damages without a hearing if "the record supports the damages requested," such as through comprehensive, detailed, and uncontroverted exhibit and affidavit evidence establishing the amount of damages. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citing, *inter alia*, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007); *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007)). *See Stephenson v. El-Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute abuse of discretion when the existing record is insufficient to make necessary findings in support of a default judgment."); *see also* 10A WRIGHT, MILLER, § 2688, at 57-58 & 63-70.

---

judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount").

Plaintiff's Motion and the accompanying Neary Affidavit are insufficient to support a default judgment. As I shall explain, with respect to Count I, the Complaint alleges a breach of contract; however, plaintiff has submitted insufficient documentation of his damages. With respect to Count II, the Complaint suffers from the same inadequacies as Count I, and also fails to identify the "truth in leasing regulations" allegedly violated by defendant. Accordingly, I will hold the Motion *sub curia*, pending receipt of supplemental documentation and briefing from plaintiff.

Preliminarily, plaintiff's evidence as to both counts is insufficient, because the Neary Affidavit, which is the only evidence submitted by plaintiff beyond the pleadings, is not competent evidence to establish any fact, for two reasons. First, although styled as an "affidavit," the Neary Affidavit is, in fact, neither a proper affidavit nor an admissible unsworn statement, because it is not attested under the penalties of perjury, upon the affiant's personal knowledge. *See, e.g.*, Md. Rule 1-304; 28 U.S.C. § 1746.[6] Second, even if Mr. Neary has personal knowledge of the underlying facts in support of plaintiff's claim (which seems doubtful), the affidavit is improper because it is an affidavit of plaintiff's counsel. As the Fourth Circuit explained in an analogous situation in *Spivey v. United States*, 912 F.2d 80, 84 (4th Cir. 1990), "[w]hile affidavits submitted by counsel are permissible under some circumstances, this [is] not one of them. It is elementary that counsel may not participate both as an advocate and as

---

[6] Plaintiff himself signed his Complaint, under the heading "verification," declaring "under the penalties of perjury" that the facts alleged were "true and correct to the best of [plaintiff's] knowledge, information and belief." However, an attestation to the best of the affiant's knowledge, information, and belief is not equivalent to an attestation on personal knowledge. *See, e.g.*, Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

a witness, absent special circumstances." *See* Md. Rule of Prof. Conduct 3.7 (barring generally a lawyer from acting "as advocate at a trial in which the lawyer is likely to be a necessary witness"). *See also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999) ("At the time judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts . . . . This was insufficient evidence upon which to enter the amount of the judgment."); *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2d Cir. 1970) ("Unless there are very unusual circumstances to justify it, the evidentiary material offered in support of a final judgment should consist of material within the personal knowledge of the affiant and not hearsay, and attached exhibits should be accompanied by sworn statements of the circumstances that would qualify them as full exhibits.").

Nevertheless, the facts alleged in plaintiff's Complaint, which are taken as true by virtue of defendant's default, establish that plaintiff and defendant had an "independent contractor agreement" by which defendant agreed to reimburse plaintiff for "any and all fuel surcharges assessed in relation to the deliveries" that plaintiff made on defendant's behalf. Count I of the Complaint asserts that defendant failed to reimburse plaintiff for the fuel surcharges, thereby breaching the agreement. There is no evidence to establish plaintiff's damages from the breach, however; plaintiff baldly asserts the right to recover $100,000 in unpaid fuel surcharges, plus $20,000 in prejudgment interest at the rate of 10% per annum. Therefore, I will direct plaintiff to submit competent evidence as to the exact terms of the agreement as to fuel surcharges (including whether the agreement was oral or written and, if written, a copy of the agreement), and the terms of the agreement with respect to interest. Plaintiff shall also submit itemized

evidence as to the fuel surcharges he allegedly incurred and which he claims were unpaid by defendant.

In Count II, plaintiff asserts that defendant violated "truth in leasing regulations." But, plaintiff does not cite the regulations he claims were breached, nor does he even identify what governmental entity promulgated them. Nor does he demonstrate that the alleged regulations afford him a private right of action for damages for defendant's alleged failure to comply with them. In short, on the basis of plaintiff's Complaint as presently pleaded, regardless of what evidence as to his damages plaintiff might be able to adduce, I cannot conclude that "the well-pleaded allegations in [the plaintiff's] complaint support the relief sought." *Ryan*, *supra*, 253 F.3d at 780. Accordingly, I will direct plaintiff to submit a memorandum addressing the regulations he claims were breached and the grounds for his entitlement to damages from the alleged violation. Plaintiff shall also submit evidence itemizing his damages.

## Conclusion

For the foregoing reasons, plaintiff's two motions entitled "Motion for Entry of Deafult [sic] Judgment" (ECF 19 & 21), will be held *sub curia*, pending submission of additional evidence by plaintiff. An Order implementing this ruling follows.

Date: October 31, 2011

/s/
Ellen Lipton Hollander
United States District Judge